## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV03384

John Doe, et al , PLAINTIFF(S),

V.

Christopher MacPherson, DEFENDANT(S)

*TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County*

**SUMMONS**

THIS SUMMONS IS DIRECTED TO Christopher MacPherson (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 200 Trade Center, Woburn MA 01801 (address), by mail or in person, **AND** County Superior Court - Woburn

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Law Office of Joseph L. Sulman, 391 Totten Pond Road, Suite 402, Waltham MA 02451

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

*[signature]*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
┌─────────────────────────────┐
│                             │
│                    , 20___  │
└─────────────────────────────┘
```

**COMMONWEALTH OF MASSACHUSETTS**

**MIDDLESEX, SS.**                                                                     **SUPERIOR COURT DEPARTMENT**

| | |
|---|---|
| JOHN DOE, a minor, and CATHERINE DOE, his parent and next of friend,<br><br>    Plaintiffs,<br>v.<br><br>CHRISTOPHER MACPHERSON, individually,<br><br>    Defendants. | C.A. No. _____ |

**COMPLAINT AND JURY DEMAND**

I. Introduction

1.  John Doe[1] is a fifteen year-old male former student at Hopkinton High School who was harassed and bullied at school by teammates of the varsity ice hockey team during the 2018-2019 season. His father reported the harassment when it first started to the coach, Defendant Christopher MacPherson, and even the specific form of harassment that was taking place. MacPherson promised to watch out for any harassment, but then took no action and did not monitor the locker room or buses where the harassment occurred. Doe was harassed by teammates due to his failure to conform to male gender stereotypes and perceived sexual orientation. Defendants' deliberate indifference to the harassment violated his right to equal protection under the Fourteenth Amendment and to equal access to education under Title IX of the Education Amendments of 1972, causing damages.

---

[1] Plaintiff is using pseudonyms for himself and his next of friend to protect his identity as a minor. His actual name is known to Defendants through the events at issue.

**COMMONWEALTH OF MASSACHUSETTS**
MIDDLESEX, SS.                                SUPERIOR COURT DEPARTMENT

JOHN DOE, a minor, and CATHERINE DOE, his parent and next of friend,

    Plaintiffs,

v.

CHRISTOPHER MACPHERSON, individually,

    Defendants.

C.A. No. _____



FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX

NOV 1 8 2019

CLERK

**COMPLAINT AND JURY DEMAND**

I. Introduction

1. John Doe[1] is a fifteen year-old male former student at Hopkinton High School who was harassed and bullied at school by teammates of the varsity ice hockey team during the 2018-2019 season. His father reported the harassment when it first started to the coach, Defendant Christopher MacPherson, and even the specific form of harassment that was taking place. MacPherson promised to watch out for any harassment, but then took no action and did not monitor the locker room or buses where the harassment occurred. Doe was harassed by teammates due to his failure to conform to male gender stereotypes and perceived sexual orientation. Defendants' deliberate indifference to the harassment violated his right to equal protection under the Fourteenth Amendment and to equal access to education under Title IX of the Education Amendments of 1972, causing damages.

---

[1] Plaintiff is using pseudonyms for himself and his next of friend to protect his identity as a minor. His

## II. Parties

2. John Doe is a fifteen year old permanent resident of Hopkinton, Massachusetts and former student at Hopkinton High School.

3. Catherine Doe is the parent and next of friend of John Doe and resident of Hopkinton, Massachusetts.

4. Christopher MacPherson is the coach of the Hopkinton High School varsity ice hockey team, an employee of the Town of Hopkinton and a resident of Hopkinton, Massachusetts.

## III. Facts

5. John Doe attended Hopkinton High School as a freshman during the 2018-2019 school year.

6. John Doe played goalie on the Hopkinton varsity ice hockey team during the 2018-2019 season.

7. Early in the hockey season, a teammate T.M.[2] and other teammates began harassing John Doe about his showering habits, asserting that he must be gay if he did not shower. This occurred on a nearly daily basis.

8. On December 8, 2018, while John Doe was in the locker room at an away game, a teammate C.G. snapped photos of John Doe on his mobile phone while standing above Doe on a bench.

9. The following day, John Doe's parents reported the photo-taking to MacPherson.

10. On December 10, John Doe's father met with MacPherson about the incident in the locker room. John Doe's father told MacPherson that C.G. had taken the photos of John Doe and that this conduct was a serious invasion of privacy. He also informed MacPherson that John

---

[2] The complaint refers to minors by their initials to protect their identities.

Doe was particularly vulnerable to this type of bullying behavior because he was not part of a clique of freshman teammates. He alerted the coach to John Doe's need to be integrated into the team and not be treated as an outsider.

11. MacPherson agreed that taking photos of other students in the locker room was inappropriate. After confirming that C.G. took the inappropriate photos of John Doe, he and Athletic Director Dierdre King agreed to "keep an eye" on the locker room situation.

12. Despite his knowledge that photos were being taken in the locker room of John Doe against his wishes, and that he was vulnerable to harassment and bullying, MacPherson took no action to monitor the locker room.

13. A total of eight members of the hockey team – freshmen and sophomores and one junior -- collectively bullied and harassed John Doe from December 2018 to February 2019 in the locker room about his masculinity and perceived sexual orientation by taking photos and videos of him with their mobile phones.

14. These students made belittling comments about John Doe's genitalia, perceived sexual orientation, and masturbation habits while taking photos of him in the locker room and posting the photos on SnapChat. At least one photo was taken as John Doe left the shower.

15. The bullying and harassment also occurred regularly on bus rides to and from games. MacPherson rode on the front of the bus during these trips; John Doe sat a row or two behind him. Many of the eight freshman and sophomore teammates were also clearly taking photos and videos of John Doe while he sat alone. Teammates T.M., C.J, C.G., M.B., B.A. and A.W. took photos and videos of John Doe from the beginning of the season. Most of the other teammates in question joined in over the course of the season.

16. The two-month-long harassment culminated in a humiliating bus ride on February 2, 2019. The eight teammates mocked John Doe per normal custom when C.G. goaded John Doe to sit next to him. C.G. then proceeded to take a video of John Doe on his phone while urging John Doe to say into the camera that he was gay and liked to perform certain sex acts. This went on for some time until John Doe attempted to knock the phone away from C.G. and the bus ride ended.[3]

17. The harassment and bullying had a devastating effect on John Doe. He started mental health therapy during the hockey season and continues therapy to this day. He began lashing out toward his family, yelling at his parents that he was not gay when they asked him to shower in the locker room, and even asked to quit the hockey team in early December. His grades suffered immensely, with John Doe receiving his first failing grade during his second semester in 2019 after being a top student prior to these incidents.

18. Because of these adverse effects, the parents of John Doe removed him from Hopkinton High School for the 2019-2020 academic year and sent him to a private school.

19. MacPherson knew or should have known that John Doe was being bullied and/or harassed by other students on the hockey team, yet knowingly failed to take reasonably available steps to prevent such harassment and bullying during school hours.

20. MacPherson had the ability and means to monitor the locker room by taking walk-throughs, setting rules for appropriate locker-room behavior, meeting with the team to discuss appropriate behavior in the locker room, modifying the location of students' lockers (there were two locker rooms available for boys hockey players), sitting in the middle of the bus

---

[3] The bullying and harassment also occurred at team dinners, which took place at students' houses. MacPherson was not in attendance at these dinners but his failure to monitor and reign in the bullying and harassment that occurred on school grounds and during bus rides allowed the harassment and bullying to continue at non-school events, such as these dinners.

to see the students better, or taking any of a number of actions to reduce the likelihood that John Doe would be harassed due to his perceived sexuality or gender nonconformance. However, he did nothing. He did not enter the locker room before, during, or after practice, and only entered five minutes before each game. After being notified by John Doe's father on December 10 about the picture-taking in the locker room, MacPherson never asked Dylan how he was doing or if any of the behavior that his father had reported was continuing.

21. MacPherson's failure to act was reckless, deliberately indifferent, and caused John Doe significant harm.

22. The Town of Hopkinton has established the Hopkinton Bullying Prevention and Intervention Plan ("Anti-Bullying Plan").

23. According to the Anti-Bullying Plan, bullying occurs when aggressors (i.e., bullies) "targets/bullies students they perceive as mentally, emotionally, or physically weaker, or simply different from the aggressor/perpetrator (e.g., physical attributes, apparel, possessions)."

24. The Anti-Bullying Plan further states: "Bullying directed at a student on the basis of their race, religion, ethnicity, disability, gender, genetic information, or sexual orientation is a violation of the Hopkinton Public Schools Non-Discrimination Policy. In addition, bullying directed at a student on the basis of race, color, national origin, sex, or disability violates federal civil rights non-discrimination states and state law."[4]

25. The Anti-Bullying Plan was established to comply with the Massachusetts Anti-Bullying Law, M.G.L. c. 92, § 37O, an Act Relative to Bullying in Schools.

26. Although the state law required developing the plan, Hopkinton believes that the most important aspect of the Anti-Bullying Plan is the collective desire to keep all students free

---

[4] The Anti-Bullying Plan cited, in footnotes, Title IX of the Educational Amendments of 1972.

from the humiliation, anxiety, and physical harm resulting from bullying by adopting strategies to prevent its occurrence and to intervene in effective ways if it occurs.

27.   Under the Anti-Bullying Plan, MacPherson is "responsible for demonstrating and encouraging respectful behavior, learning the signs of bullying and cyber-bullying, intervening to stop any observed bullying behavior, and reporting any bullying behavior that is discovered (either observed directly or behavior that has been reported)."

28.   MacPherson was aware of his obligations under the Anti-Bullying Plan, knew that John Doe was being bullied or highly likely to be bullied or harassed on and after December 10, 2018, and despite this awareness, knowingly disregarded his role under the Anti-Bullying Plan, causing harm to John Doe.

## COUNT I

### (42 U.S.C. § 1983)

The actions of the Defendant as described above, including, *inter alia*, deliberately disregarding the harassment toward John Doe, while knowing that they occurred due to his gender, violates John Doe's rights under the Fourteenth Amendment to the United States Constitution, causing damages.

## COUNT II

### (Title IX of Education Amendments of 1972)

The actions of Defendant as described above, including, *inter alia*, deliberately disregarding the bullying or harassment of John Doe, constitute discrimination on the basis of gender, causing damages. This action is brought pursuant to 20 U.S.C. § 1681.

WHEREFORE, Plaintiff prays this Court:

1. ORDER the Defendants to pay compensatory damages to Plaintiff for emotional distress and pain and suffering and any other damages as allowed by law;

2. ORDER the Defendants to pay punitive damages and reasonable attorneys' fees;

3. Any further relief as is just and necessary.

> Respectfully submitted,
>
> PLAINTIFF JOHN DOE, a minor, by his parent and next friend CATHERINE DOE,
>
> By their attorneys,
>
> _____
> Joseph L. Sulman, BBO #663635
> Andrea M. Haas, BBO # 671844
> Law Office of Joseph L. Sulman, Esq.
> 391 Totten Pond Road, Suite 402
> Waltham, MA 02451
> (617) 521-8600
> jsulman@sulmanlaw.com
> ahaas@sulmanlaw.com

November 13, 2019

| | | Trial Court of Massachusetts |
|---|---|---|
| **CIVIL TRACKING ORDER**<br>(STANDING ORDER 1-88) | **DOCKET NUMBER**<br>1981CV03384 | **The Superior Court** |
| **CASE NAME:**<br>Doe, John et al vs. MacPherson, Christopher | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| **TO:** Joseph Lear Sulman, Esq.<br>Law Office of Joseph L. Sulman<br>391 Totten Pond Rd Suite 402<br>Waltham, MA 02451 | | **COURT NAME & ADDRESS**<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                            DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/18/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 03/18/2020 | |
| All motions under MRCP 12, 19, and 20 | 03/18/2020 | 04/17/2020 | 05/18/2020 |
| All motions under MRCP 15 | 03/18/2020 | 04/17/2020 | 05/18/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 09/14/2020 | | |
| All motions under MRCP 56 | 10/14/2020 | 11/13/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/15/2021 |
| Case shall be resolved and judgment shall issue by | | | 11/18/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/19/2019 | Arthur T DeGuglielmo | (781)939-2757 |

Date/Time Printed: 11-19-2019 09:59:47                                                                                         SCV026\ 08/2018